UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO AGUILAR-HERRERA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 07-CV-1624-L<br>Criminal No. 05-CR-0287-L<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On August 15, 2007, Petitioner Diego Aguilar-Herrera ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent filed a response and opposition, and Petitioner filed a reply. The Court has fully reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

### I.  BACKGROUND

On December 19, 2004, a United States Border Patrol agent responded to a citizen's report that six suspected illegal aliens were walking along a road in close proximity to the United States-Mexico border. When the agent arrived, he stopped his marked Border Patrol vehicle, identified himself as a United States Border Patrol Agent, and questioned each of the individuals

as to their citizenship. Each of the individuals, including the Petitioner, admitted that they were citizens and nationals of Mexico and did not possess documentation permitting them to enter or remain in the United States. The individuals were arrested and transported to the Campo Border Patrol Station. While at the Campo Station, it was determined that Petitioner had previous immigration history and a lengthy criminal history. Of greatest relevance to the instant motion, Petitioner's criminal history includes a 1996 conviction in Orange County Superior Court (Orange), where Petitioner was sentenced to three years in custody for assault with a deadly weapon (not a firearm), in violation of California Penal Code § 245(a)(1).[1]

On March 2005, Petitioner was charged by indictment with being a deported alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. On October 3, 2005, Petitioner pled guilty to the charge without the benefit of a plea agreement. On December 19, 2005, the Court found that a sixteen-level increase in the base offense level was appropriate because of Petitioner's prior conviction for a crime of violence, assault with a deadly weapon (not a firearm). After considering all the relevant factors under 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 77 months in custody to be followed by three years of supervised release.

## II. ANALYSIS

In the instant motion brought under 28 U.S.C. § 2255, Petitioner contends that: 1) this Court improperly awarded a sixteen-level enhancement under United States Sentencing Guideline ("USSG") § 2L1.2(b)(1)(A) because he did not have a prior conviction for a firearms offense; and 2) that he should be granted relief because USSG § 2L1.2(a) is unconstitutional. As to Petitioner's first argument, his contention is factually incorrect. The Court did not award a sixteen-level enhancement based on a prior firearms conviction but, instead, awarded a sixteen-level enhancement based on Petitioner's prior conviction for a crime of violence. Respondent provided the Court with judicially noticeable documents pertaining to that conviction, which included certified copies of both the information and abstract for the prior

---

[1] As recounted in the Petitioner's Presentence Report filed with the Court on November 14, 2005, Petitioner threw an eighteen-inch hatchet through the window of a truck, which narrowly missed the driver's head.

offense.

Under USSG § 2L1.2(b)(1)(A)(ii), the base offense level (eight) is increased by sixteen levels where a defendant was previously deported after being convicted of felony that is a crime of violence. Application Note 1(B)(iii) to USSG § 2L1.2 states that a

> "[c]rime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

Clearly, the offense of assault with a deadly weapon, under California Penal Code § 245(a)(1)[2], contains "as an element the use, attempted use, or threatened use of physical force against the person of another." Assault with a deadly weapon is categorically a crime of violence. Thus, the sixteen-level enhancement was proper.

Separately, Petitioner argues that the USSG § 2L1.2(a) is unconstitutional under the doctrine of "avoidance of constitutional doubt." Specifically, Petitioner questions the Court's ability to utilize the prior conviction in enhancing his sentence and challenges the legitimacy of recidivism penalties. Petitioner's challenges are foreclosed by the current case law. *See e.g.*, *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998) (Congress' decision to treat recidivism, and in particular the fact that alien is deported following his conviction of aggravated felony, merely as a sentencing factor upon alien's subsequent conviction of illegal reentry offense, rather than as an element of that offense, did not exceed due process or other constitutional limits on Congress' power to define elements of crime. District courts can raise the maximum custodial sentence for illegal re-entry from two years to twenty years based on judicial findings of a prior removal subsequent to an aggravated felony conviction, without having to submit those issues to the jury). The Ninth Circuit has consistently followed *Almendarez-Torres* in holding that the issue of recidivism in cases involving enhancements under USSG § 2L1.2 may be decided by the district court and need not be submitted to the jury.

---

[2] California Penal Code § 245(a)(1) provides, in relevant part, that "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment [. . .]."

In his reply, Petitioner also contends that he was deprived effective assistance of counsel because his attorney failed to secure a plea agreement. However, Petitioner does not provide any factual basis in support of his argument. The Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: 1) that his defense counsel's performance was deficient; and, 2) that this deficient performance prejudiced his defense. *Strickland* 466 U.S. at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).

To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland. See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that he was prejudiced by the deficient representation he received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Here, Petitioner has not identified any aspect of his trial counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases. Furthermore, Petitioner would still be subject to the sixteen-level sentencing enhancement with a plea agreement.

Lastly, in Petitioner's reply, he also appears to challenge the underlying order of removal for his prior deportation. However, such collateral attacks are not suitable under 28 U.S.C. § 2255. Such argument is more appropriately addressed pursuant to 28 U.S.C. § 2241 or by

direct appeal.

### III.   CONCLUSION

Therefore, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

**IT IS SO ORDERED.**

DATED: February 7, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

Diego Aguilar-Herrera
Prison # 93152-198
U.S. Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

United State Attorney's Office
880 Front Street, Rm 6293
San Diego, CA 92101-8893